### CARRIER CORPORATION

v.

### The UNITED STATES.

### No. 267–74.

United States Court of Claims.

March 17, 1976.

Robert S. Swecker, Washington, D. C., attorney of record, and J. Preston Swecker, Washington, D. C., appeared for plaintiff.

---

Thomas J. Scott, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, Washington, D. C., for defendant.

Before DAVIS, SKELTON and BENNETT, Judges.

ON DEFENDANT'S REQUEST FOR REVIEW OF TRIAL JUDGE'S ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND TRIAL JUDGE'S ORDER DENYING DEFENDANT'S MOTION FOR NOTICE TO THIRD PARTIES

PER CURIAM:

This case comes presently before us on defendant's Rule 53(c)(3) request for review of the trial judge's order, dated August 13, 1975, denying defendant's motion for reconsideration of an earlier order (March 18, 1975) which denied defendant's Rule 41(a)(1) motion to notice proposed third parties Hercules Container Industries, Inc. (Hercules), and National Compactor and Technology Systems, Inc. (National). On the briefs, defendant has advised us that it no longer seeks notice to Hercules under this request for review. A request for review of still another order, denying a motion to notice Peabody Galion Corporation, was abandoned upon oral argument. In our order filed November 7, 1975, we invited National to appear as amicus curiae for the purpose of making its position known relative to whether formal Rule 41(a)(1) notice should issue to it. No such appearance was entered. In the principal action plaintiff sues for its reasonable and entire compensation under 28 U.S.C. § 1498 (1970) for unlicensed use of its patented inventions incident to the performance of a Government contract.

Briefly, the trial judge held that proposed third party National (who supplied the accused equipment to the Government) did not appear to have an interest in the instant proceedings sufficient to require Rule 41 notice (a) because the prime contract under which this contractor supplied the accused equipment to the Government did not contain patent indemnity provisions, and (b) because the patent indemnity provision is not mandatory and necessarily implied in these contracts under the doctrine of *G. L. Christian & Assoc. v. United States,* 312 F.2d 418, 160 Ct.Cl. 1, *rehearing denied,* 320 F.2d 345, 160 Ct.Cl. 58, *cert. denied,* 375 U.S. 954, 84 S.Ct. 444, 11 L.Ed.2d 314 (1963). The trial judge certified his order denying reconsideration for prompt review under Rule 53(c)(3).

At the outset, we think the Government somewhat amiss in subjecting the trial judge to undue criticism for undertaking to decide that a patent indemnity clause should not be implied under the doctrine of *G. L. Christian & Assoc. v. United States, supra.* Defendant itself raised the *Christian* doctrine, and argued that ASPR regulations, especially 32 C.F.R. § 9.103 (1973), indicated a strong federal procurement policy that the United States when it is buying commercially available goods should be indemnified against infringement, just as a private party would be under section 2–312(3) of the Uniform Commercial Code. Moving from these observations, defendant asserted that as a potential indemnitor, National appeared to have an interest in the subject matter of these proceedings. On other facts, one might even suppose that, having assumed the risk of an adverse decision by actively posing an issue for the trial judge's ruling, defendant could thereafter be precluded from asserting that the matter was not properly before him in the first place. *See* 1B Moore's Federal Practice, para. 0.405[8] at 765. We shall leave that possibility open for future cases.

Under Rule 41(a)(1) a notice may be issued to any person "who appears to have an interest in the subject matter of any pending suit to appear as a party and assert his interest therein." A person against whom the United States alleges a nonfrivolous claim for indemnity is a party who *"appears"* to have such an interest. This court has no jurisdiction to decide whether the claim for indemnity is in fact valid, but on the other hand if such parties are not given notice under Rule 41(a)(1) they will not be bound by our rulings on the

252

validity and infringement of the patent and can raise those issues if and when the United States sues them in another forum. *See Bowser, Inc. v. United States,* 420 F.2d 1057, 190 Ct.Cl. 441 (1970). In these circumstances it is better to send notices to such parties whenever the indemnity allegations seem nonfrivolous, and to allow the noticed party to decide for itself whether it will run the risk that the Government's indemnity claim if ultimately made will not be sustained. In this instance, the Government's claims over seem to us substantial; not frivolous. But of course we do not pass on the merits of those claims or decide that they are correct. We make this determination solely for the limited purpose of determining whether notice should issue under our Rule 41(a)(1).

It is therefore ordered, upon consideration of defendant's request for review and oral argument, that Trial Judge Joseph V. Colaianni's order dated August 13, 1975, denying defendant's motion for reconsideration of the order of March 18, 1975, be and the same is hereby vacated. Appropriate notice to the proposed third party shall issue in accordance with this order. The case is remanded to the Trial Division for further proceedings.