Pleadmg and, practice; third-party practice; notice. — On October 21,1976 the court entered the following order:
Before SkeltoN, Judge, Presiding, Nichols and Kashiwa, Judges.
“Plaintiff, doing business as National Foam System, Inc. (‘National Foam’) filed a petition against the United States in this court on December 22,1975. The petition alleges that on January 31, 1975, two vessels collided in the Delaware River, resulting in a severe fire which lasted several days.' It is alleged that the U.S. Coast Guard assumed charge of the firefighting operation, and in the course of such efforts, requested National Foam to provide foam to put out the fire. It is claimed that National Foam did provide the foam as requested, but that the Coast Guard refused to pay for it.
*355 “On February 17, 1976, the defendant United States answered, contending that the facts fail to establish any contract between the Coast Guard and National Foam. The defendant also moved for the issuance and service of a notice notifying B. P. Oil, Inc. (‘B.P.’) to appear as a party in the action on the basis that B.P.’s presence at and participation in the fire fighting efforts might have resulted in a contract between B. P. and National Foam for the provision of foam used in extinguishing the fire. The Government’s motion was granted, and on April 15, 1976, the notice was served on B.P. at one of its refineries.
“B.P. contends that this court lacks jurisdiction over B.P. because B.P. has no ‘interest’ in the pending suit as required by 41 U.S.C. § 114(b) and Buie 41(a)(1) of the Buies of the Court of Claims. The case is before the court on B.P.’s motion to quash the notice and to dismiss the action against it. Defendant United States has filed its opposition to the motion to quash and dismiss.
“The only requirement for notice is that the party to be noticed appears to have an interest in the proceedings. Bouchard Transportation Co. v. United States, No. 12-76 (order of trial judge filed April 5, 1976). B.P.’s personnel were on the scene of the fire, were involved in the firefighting efforts, and were engaged in discussions with National Foam regarding the use of foam. Therefore, B.P.’s interest in this suit is quite apparent.
“B.P. has argued that its appearance as a third party is not essential to litigation of the claim by National Foam against the Government and notice therefore should be quashed. This, however, is not the proper test for notice.
“The rationale behind the issuance of a notice is the prevention of numerous proceedings and determinations on an identical set of facts. Thus it is in furtherance of the conservation of judicial time and effort that the Court of Claims determines that notice shall issue where interest is apparent.
“In the case of Carrier Corp. v. United States, 209 Ct. Cl. 267, 534 F. 2d 250 (1976), notice was issued to a potential indemnitor in a patent infringement action. In ordering the issuance of a notice, the court clearly stated that interest of the third party in the suit was by no means certain, but *356 that interest was apparent and a notice was therefore desirable. Under Kule 41(a) (1) a notice may be issued to any person ‘who appears to have an interest in the subject matter of any pending suit to appear as a party and assert his interest therein.’ A person against whom the United States alleges a non-frivolous claim for indemnity is a party who ‘appears' to have such an interest. (Carrier Corp., 209 Ct. Cl. at 269.) Here, the United States has alleged a non-frivolous claim against B.P., which appears to have an interest in the present suit. Therefore, the notice was properly issued.
“For the foregoing reasons, and without oral argument, it is ordered that B.P. Oil, Inc.’s motion to quash the notice and dismiss the action against it is denied.”
On January 7, 1977 the court denied B.P.’s motion for rehearing.