"Plaintiff, Puritan Associates, filed a petition against the United States in this court September 10, 1975. Plaintiff had been awarded a Lease/Build contract, wherein it was to formulate construction plans and arrange for the construction of a postal facility in the Borough of Green-tree, near Pittsburgh, Pennsylvania. Plaintiff obtained financing and bound itself to contract with a contracting company. Construction was unable to commence, plaintiff alleges, since an easement was vested in the Pennsylvania Department of Transportation (Department). Eventually, the Department relinquished the easement, but not before plaintiff lost its initial commitment to contract resulting in *736 the new contract being made at a higher price, and not before plaintiff expended additional sums in non-refundable fees to extend its permanent financing commitment. Plaintiff alleges that the total extra expenditures brought about by the easement were $372,949, and urges that the Government is responsible. Plaintiffs theory is breach of contract: that the Government knew or should have known of the easement and failed to disclose this material fact to plaintiff. Additionally, it is alleged that Government delay in having the easement vacated resulted in a temporary impossibility of performance by plaintiff which it could not reasonably have been expected to foresee or prevent, and to which it did not contribute.
"The United States moved to notify Parkway Terminal Company (Parkway) to appear as a party and to assert Parkway’s interest pursuant to Rule 41(a)(1). The Government stated that Parkway transferred the land comprising the project site by warranty deed to the Government. When the Government passed title to plaintiff, pursuant to the Lease/Build contract, it was by quitclaim deed. The Government argued that were it liable to plaintiff as a result of the easement, the liability would fall to Parkway as a result of a breach of the covenant contained in its warranty deed to the Government. As a second ground for notifying Parkway, the Government asserted that Parkway was responsible for the extension of the road adjacent to the project site. The Government charges that assuming arguendo plaintiff was able to recover against defendant on its claim that its performance of the subject contract was delayed as a result of the delayed completion of the road extension, liability would ultimately fall on Parkway. The United States concluded in its motion that the findings of fact made by this court might be relevant in any United States v. Parkway Terminal Company litigation — that it was therefore apparent that Parkway has an interest in ■the suit in this court between Puritan Associates and the United States.
"On January 7, 1976, Trial Judge Thomas J. Lydon granted the Government’s motion. Parkway was served, filed its answer March 4, 1976 and, since that time, discovery has been conducted by all parties.
*737 "Parkway has filed a document entitled "Motion for Summary Judgment” in which it sought judgment as to the United States first ground (the easement). Judgment was not sought for the uncompleted road extension claim.
"Parkway has misstated its demand. Its motion cannot be treated as one for summary judgment.
"Unlike the issuance of a summons under Rule 41(a)(2) to a party against which the defendant is asserting a claim or a contingent counterclaim, the serving of notice, under Rule 41(a)(1) does no more than give the party served the opportunity to assert its interest or risk being bound by the court’s findings on the issues raised herein, if any, when suit is brought by the United States against it. See Carrier Corp. v. United States, 209 Ct.Cl. 267, 534 F.2d 250 (1976). This court would not have jurisdiction to adjudicate the merits of claims involving the Government and the noticed-in third parties. Bowser, Inc. v. United States, 190 Ct.Cl. 441, 420 F.2d 1057 (1970).
"In addition, since no claim has ever been asserted against Parkway, a ruling by this court on its motion for summary judgment would be a declaratory judgment, which this court is without jurisdiction to render. United States v. King, 395 U.S. 1 (1969). Parkway’s motion for summary judgment (as such) must be denied.
"Viewed as a 'Motion to Partially Quash Notice,’ we believe Parkway’s motion also should be denied.
"Defendant asserts that there can be no question but that Parkway appears to have an interest in the issue raised in the Government’s notice to it to which it now objects. It sold and passed title to the property which is the subject matter of plaintiffs suit against defendant based on defects in that title. This satisfies the requirement, says the Government, posed in Ct.Cl. Rule 41(a)(1) and Carrier Corp., supra.
"Parkway, in its reply brief, urges that in this case, the Government cannot even assert the appearance of an interest, and that the Government’s notice was frivolous. If a notice is, indeed, frivolous, a third party defendant’s motion to quash is well taken. Carrier Corp., supra at 270. Parkway supports its claim of 'frivolity’ by alleging that the Government was aware of the title defect and failed to *738 disclose it to plaintiff. Parkway attaches exhibits including a title report and correspondence indicating that, indeed, the Government was aware of the existence of the easement when it passed title under the Lease/Build agreement. Under Pennsylvania law (the law which would be applied in a civil action between the Government and Parkway), argues Parkway, the Government’s case must fail.
"We are foreclosed from reviewing the merits of a dispute between the Government and a third party defendant. We may only determine if the Government shows that the third party defendant has an appearance of an interest. Carrier Corp., supra at 270. This seems particularly appropriate when the dispute involves state law. We believe the 'appearance’ of an interest is present, and that despite the potential Governmental suit’s weakness on the merits, notice should stand so long as the interest is not merely frivolous.
"Our position is buttressed by the fact that Parkway remains a third party defendant in this suit by virtue of the 'road extension’ portion of the notice. We therefore do not find a pressing need deeply to scrutinize the Pennsylvania law of warranty deed liability. Parkway will be in the case regardless of the outcome of this motion for partial quashing of notice by virtue of the 'road extension’ portion. We judge it fitting, in these circumstances, to deny the motion and allow Parkway to decide for itself whether it will run the risk that the Government’s indemnity claim, if ultimately made, will be sustained.
"Accordingly, Parkway Terminal Company, a noticed-in third party against whom no claim has been asserted in this litigation, cannot be granted summary judgment on the merits of the dispute, for this court has no such jurisdiction. As a motion to partially quash notice, we are of the opinion that the circumstances of this case dictate that said motion be denied.
"For the foregoing reasons and without oral argument, it is ordered that Parkway Terminal Company’s motion for summary judgment (or to partially quash the notice, as we have interpreted the motion) be and hereby is, denied.”