*419 "This case comes before the court on plaintiffs petition pursuant to Rule 53, for review of a procedural ruling of Trial Judge Francis C. Browne denying plaintiffs motion to compel a noticed third party, CMI Films, Inc. (CMI), to answer interrogatories. Because we believe that Judge Browne’s ruling is in compliance with this court’s third party jurisdiction under Rule 41(a), we affirm.
"In this complex copyright infringement case, the Government has moved, as is its prerogative under Rule 41(a), that notice be given to two parties from whom the Department of the Army obtained the materials which plaintiff claimed had infringed his copyright. These motions were granted and notices were issued. One of the third parties, N. W. Ayer ABH International (Ayer), has apparently decided to appear and defend its asserted interests. The other third party, CMI, first moved for an enlargement of time in which to respond, which was granted, and then 'appeared specially’ to contest the jurisdiction of this court by means of a motion to quash notice. CMI’s motion to quash was denied, without explanation, by Trial Judge Browne.
"Some eight months later, plaintiff, operating 'under the impression that this Court . . . [had] jurisdiction over CMI Films,’ filed a motion with Judge Browne seeking to compel '. . . Defendant, CMI Films, Inc., to answer interrogatories promptly in accordance with Rule 73 . . . .’ Judge Browne’s denial without prejudice of this motion, '. . . in view of the lack of jurisdiction of [this court over] CMI Films,’ precipitated the instant appeal.
"Plaintiff argues that this court has jurisdiction over CMI as a result of CMI’s motion for enlargement of time and motion to quash. Plaintiff bases this argument on the three-pronged logic that (1) these motions constituted general appearances which subject CMI to the jurisdiction of this court, (2) since Rule 41 requires no response to a notice, CMI subjected itself to this court’s jurisdiction by these motions regardless of the nature of the appearance, and (3) plaintiffs counsel was of the opinion that CMI had subjected itself to this court’s jurisdiction and 'a ruling to the contrary would highly prejudice him in his burden of proof.’
"Neither the defendant, nor Ayer, nor CMI has responded to plaintiffs Petition for Review. Nonetheless, we agree with the Trial Judge. We disagree with plaintiffs assertion *420 that a Rule 41(a) notice, coupled with a motion to quash entered by special appearance, is sufficient to accord this court jurisdiction over CMI.
"Court of Claims Rule 41(a) states that, upon motion of either party, a notice may be issued to any person 'who appears to have an interest in the subject matter of any pending suit to appear as a party and assert his interest therein.’ This rule requires no jurisdictional evaluation prior to the issuance of notice, but merely requires that a person 'appear’ to have an interest. It is well settled that a determination that a person should receive 'notice’ under Rule 41(a) is not equivalent to a decision that this court has subject matter jurisdiction, may treat the noticed person as a party in interest, or could render a judgment against that person. See, e.g., Bowser v. United States, 190 Ct.Cl. 441, 420 F.2d 1057 (1970); see also, Philadelphia Suburban Corp. v. United States, 211 Ct. Cl. 354 (1976).
"Unless the Government asserts a claim for the recovery of money from the third party in question or unless the third party asserts a claim or an interest in a claim against the Government, this court is not empowered to render judgment against that third party. Bowser, 190 Ct.Cl. at 449, 420 F.2d at 1063. This inability to render a judgment against such a third party arises from a lack of subject matter jurisdiction over the merits of any but certain specified claims. Cf. Carrier Corp. v. United States, 209 Ct.Cl. 267, 269, 534 F.2d 250, 251-52 (1976) (no jurisdiction over Government indemnity claim against a third party).
"Because of this lack of jurisdiction to render a final judgment against the third party, and in the interest of precluding the third party in question from retrying issues of law and fact already resolved by this court in the third party’s absence, Rule 41(a) provides an opportunity, without compulsion, for a person to appear and protect his interests. Should a noticed person decline to appear, however, he cannot be forced so to do, though he may nevertheless be bound, in a later suit in another court, by certain determinations of this court.
"Applying these guidelines of our third party practice, we conclude that the arguments of the present plaintiff are without merit. A general appearance by a person may be sufficient to give a court in personam jurisdiction over that individual, but it has long been held that the actions of a party cannot accord a court subject matter jurisdiction *421 where that jurisdiction is otherwise lacking. See, e.g., Mansfield, C. & L. M. Ry. v. Swan, 111 U.S. 379 (1884); Jackson v. Ashton, 8 U.S. (Pet.) 148 (1834). Thus, the accuracy of plaintiffs assertion that CMI’s motions constituted general appearances is of little import. Regardless of the type, CMI’s appearances in this court would be insufficient to accord us the jurisdiction necessary to treat CMI as a true defendant and to compel answers to interrogatories as envisioned by Rule 73.
"We need not deal with plaintiffs final contention that plaintiffs counsel was of the opinion that CMI had subjected itself to the jurisdiction of this court and a ruling to the contrary would 'highly prejudice him in his burden of proof.’ Opinions of counsel, like the actions of the parties, are insufficient to create subject matter jurisdiction. In addition, to avoid the alleged 'prejudice,’ plaintiffs counsel still has recourse, under the rules of this court, to subpoena CMI, or any person associated therewith, to appear either as a witness or through deposition to answer whatever questions plaintiffs counsel deems necessary. Rules 76(a), 81-92,123. Therefore, plaintiffs claims of 'high prejudice’ appear somewhat exaggerated.
"For the above stated reasons, we affirm the ruling of the Trial Judge that CMI is not within the jurisdiction of this court as a defendant and may not be compelled to answer interrogatories under Rule 73.
"it is hereby ordered that the relief requested in plaintiffs petition to review is denied without prejudice, and the order of the Trial Judge is affirmed.”