Water Pollution Control Act; oil spill clean-up costs; noticing third party whose negligence allegedly caused oil discharge. — On December 21, 1979 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
This is an action under section 311(i) of the Federal Water Pollution Control Act, 33 U.S.C. § 1321(i), to recover from the United States plaintiffs cost of $102,799.83 for cleaning up an oil spill that resulted when one of its tractor-trailers collided with a vehicle operated by William T. McNeill. The petition alleges that the discharge of the *540 oil from the plaintiffs tractor-trailer was caused solely by the negligence of McNeill. After filing its answer, the United States filed a motion pursuant to Rule 41(a) to give notice to McNeill to appear and assert whatever interest he may have in the case. The motion stated that plaintiff would be entitled to recover its cost of cleaning up the oil spill only if the spill occurred because of the negligence of McNeill, and in that event that the United States would have a claim under section 311(f) of the Act, 33 U.S.C. § 1321(f), against McNeill for the amount it was required to pay the plaintiff. The motion was allowed, and such notice was given to McNeill.
McNeill has now moved to dismiss the notice for lack of jurisdiction, on the ground that this court has no authority to adjudicate the government’s claim against him. We deny McNeill’s motion.
McNeill’s motion rests upon a confusion of two aspects of our third-party practice. Rule 41(a)(1) permits the court, on its own motion or that of any party, to "notify any person . . . who is alleged to have an interest in the subject matter of any pending suit to appear as a party and assert his interest (if any) therein.” Rule 41(a)(2) permits the court, on the motion of the United States, to "summon any third party against whom the United States may be asserting a claim or contingent claim for the recovery of money paid by the United States in respect of the transaction or matter which constitutes the subject matter of the suit to appear as a party and defend his interest, if any, in such suit.” The procedure under subsection (1) thus gives the third party the opportunity to intervene in the case to protect its interests, whereas under subsection (2) the court itself makes the third person a party.
The purpose of Rule 41(a)(1), pursuant to which the government filed its motion in this case, is to give all persons who appear to have an interest in a suit the opportunity to assert and protect that interest by participating in the litigation. The person to whom the notice is given has the option whether or not to intervene, but if he fails to intervene after receiving notice, the court’s decision will bind him in any subsequent litigation between himself and the United States. Cf. Bowser, Inc. v. United States, 190 Ct. Cl. 441, 446, 420 F.2d 1057, 1060-61 (1970). *541 A third person who appears to have an interest in the suit may be given notice under Rule 41(a)(1) even though the court has no jurisdiction to decide the claim involving him. Carrier Corp. v. United States, 209 Ct. Cl. 267, 534 F. 2d 250 (1976) (United States entitled to give notice in patent infringement suit to third person who assertedly was obligated to indemnify the United States for any infringement damages, even though "[t]his court had no jurisdiction to decide whether the claim on indemnity is in fact valid.” Id. at 269, 534 F.2d at 251).
McNeill has a sufficient interest in the subject matter of the present suit to justify giving him notice under Rule 41(a)(1) to appear and assert his interest. The theory of the plaintiffs case is that the discharge of oil from its tractor-trailer resulted solely from the negligence of McNeill. If plaintiff can prove that, it is entitled to recover from the United States its costs of cleaning up the oil spill. The Act further provides that in those circumstances the third person whose fault caused the discharge "shall be liable” to the United States "for the actual costs incurred” in the cleanup and that the United States "may bring an action against the third party in any court of competent jurisdiction to recover such removal costs.” Section 311(g), 33 U.S.C. § 1321(g).
Because of his potential liability to the United States for any amount the latter may be required to pay to the plaintiff for its cleanup costs, McNeill has an "interest” in the subject matter of the present case. It is immaterial whether this court could adjudicate that liability.
Accordingly, the motion of William T. McNeill to dismiss the defendant’s notice and to dismiss him as a third-party defendant is denied.