**Maurice L. PRICE, II**

v.

**The UNITED STATES.**

**No. 523–79C.**

United States Court of Claims.

May 14, 1980.

Maurice L. Price, II, pro se.

Heidi Herrington Debevoise, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant.

Before DAVIS, NICHOLS and KASHI-WA, Judges.

## ON DEFENDANT'S MOTION TO DISMISS

PER CURIAM:

Plaintiff in this case is a petty officer in the United States Navy. Plaintiff rightfully received a salary supplement "basic allowance for quarters" (hereinafter BAQ) up to December 10, 1974. On that date he moved into Government quarters and his entitlement to BAQ ceased. Such payment erroneously continued until March 15, 1976, at which time the Navy discovered the error. The Navy notified plaintiff on March 22, 1976, that he had been overpaid in the amount of $2,043.45. On March 31, 1976, plaintiff sent a memorandum to the Director of Navy Family Allowance Activity admitting his indebtedness and requesting a waiver of the debt. In the alternative, plaintiff asked that his monthly payments be minimized consistent with his budget. His request was forwarded to the Comptroller General in accordance with 10 U.S.C. § 2774 (1976). After consideration of the factors involved, the Comptroller General denied waiver of the Government's claim on January 31, 1978. Since March 1978, Petty Officer Price has been repaying his indebtedness at the rate of $55.23 per month. On November 20, 1979, Petty Officer Price brought this action in this court asking this court to reverse the decision of the Comptroller General and grant him a waiver of his $2,043.45 debt. These facts are from plaintiff's petition filed in this action.

Defendant has filed a motion to dismiss the action. The motion questions this court's jurisdiction over the subject matter of this case.

The statutory law governing who can grant a waiver of a BAQ overpayment and under what circumstances such a waiver can be granted is 10 U.S.C. § 2774. This statute provides that the authority to waive claims over $500.00 is vested exclusively in the Comptroller General. It is a discretionary power which may only be exercised after a determination that the collection of the Government's claim "would be against equity and good conscience and not in the best interest of the United States * *." The Comptroller General is forbidden from granting any waiver, however, if he believes "there exists, in connection with the claim, an indication of fraud, misrepresentation, fault, or lack of good faith on the

part of the member or any other person having an interest in obtaining a waiver of the claim * * *." The Comptroller General made the determination that in his opinion Petty Officer Price should have noticed that his paychecks were for a higher amount than that to which he was entitled and that Price's failure to inquire as to the correctness of his pay constituted partial fault on his part. Thus, the Comptroller General was precluded from granting a waiver. The statute is clear, however, that even had he not found fault on the part of Petty Officer Price, waiver of the indebtedness was discretionary and not mandatory.

In order to state a claim within the jurisdiction of this court, a plaintiff must assert a substantive right enforceable against the United States for money damages. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The claim may be based upon a contract; or if noncontractual in nature such claims have been divided into two related classes—those in which the plaintiff has paid money to the Government and seeks the return of that money, and those demands in which money has not been paid but plaintiff asserts that he is nevertheless entitled to a payment from the United States. *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002 (1967). Plaintiff's petition fails to make the jurisdictional showing required for either type of claim.

Where money has already been paid to the Government, the plaintiff must show that the sum sued for was "improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Id.* at 605, 372 F.2d at 1007. Petty Officer Price seeks the return of the money he has already paid to reduce his indebtedness, but he makes no allegations that it was not owing to the Government or that it was improperly taken from him.

In the second type of claim, where the plaintiff asserts he is entitled to payment from the United States, plaintiff must show the particular provision of the law relied upon which grants the claimant a right to a certain sum. *Id.; see South Puerto Rico Sugar Co. Trading Corp. v. United States*, 167 Ct.Cl. 236, 334 F.2d 622 (1964), *cert. denied*, 379 U.S. 964, 85 S.Ct. 654, 13 L.Ed.2d 558 (1965). Petty Officer Price cites no statute entitling him to a waiver of his indebtedness, nor is there one. The language of 10 U.S.C. § 2774 establishes that the authority of the Comptroller General is at best discretionary. Assuming *arguendo* that a claim for abuse of discretion could be vindicable in this court, plaintiff has not shown that the Comptroller General abused his discretion; and on what we have before us, we have no reason to believe he did so.

In addition, plaintiff's petition appears to ask for relief based upon equitable factors. Equitable grounds, however, are not sufficient to give this court jurisdiction. *United States v. Testan*, 424 U.S. at 397–398, 96 S.Ct. at 952–953. To the extent plaintiff seeks a ruling from this court that he does not owe the Government the $1,049.31 of the debt which he says he has not yet repaid, the relief sought is in the nature of a declaratory judgment which this court is not empowered to grant. *United States v. King*, 395 U.S. at 5, 89 S.Ct. at 1503.

Plaintiff's request that this court grant him a waiver of an indebtedness owing to the United States is not a substantive right enforceable against the United States for money damages. Thus, it is not within the subject matter jurisdiction of this court. Without oral argument, defendant's motion to dismiss is hereby granted and plaintiff's petition is dismissed.