William F. Martson, Jr., Portland, Or., for plaintiff. Tonkon, Torp, Galen, Marmaduke & Booth, Portland, Or., of counsel.

Dorothy R. Burakreis, Washington, D.C., with whom was Asst. Atty. Gen. Carol E. Dinkins, Washington, D.C., for defendant.

**PORTLAND GENERAL ELECTRIC COMPANY**

v.

**The UNITED STATES.**

No. 272–82L.

United States Claims Court.

Dec. 9, 1982.

OPINION

WOOD, Judge:

In this action, before the court on defendant's motion to dismiss, plaintiff seeks to have a March 1982 arbitration award providing for an upward adjustment, effective August 6, 1979, in the compensation to be paid by plaintiff to the Confederated Tribes of the Warm Springs Reservation of Oregon ("the Tribes") for "the hydroelectrical project on the Round Butte Dam site on the Deschutes River and related facilities," vacated or modified.[1]

The arbitration award here under challenge resulted from an agreement between

1. Plaintiff also alleges that a February 1982 arbitration award, purportedly rescinded and replaced by the March 1982 award because the earlier one contained "an inadvertent arithmetical error," is the "award of the arbitrators," but that it too should be vacated or modified.

plaintiff and the Tribes, approved by the Superintendent of the Warm Springs Indian Agency, respecting the use of tribal lands and property for hydroelectric purposes. Simultaneously with the filing of the petition herein, plaintiff moved pursuant to Rule 41(a)(1) of the Rules of the United States Court of Claims [2] for the issuance to the Tribes of notice of the proceeding. The said motion was eventually allowed, without objection, and notice was issued and delivered to plaintiff's attorney of record for service.[3]

Thereafter defendant moved to dismiss the petition, and the Tribes filed a motion to quash the Rule 41(a)(1) notice, along with (and as part of) a motion to dismiss the petition or, alternatively, to "abate" all further proceedings herein.[4] Plaintiff has responded to these motions, defendant has replied to that response, and the motion to dismiss is ready for ruling. For the reasons hereinafter appearing, it is concluded that the court lacks jurisdiction of this case, and that the petition must be dismissed.[5]

## I

The facts essential to decision are few, and not in any dispute.

In broad terms, pursuant to the agreement between plaintiff and the Tribes referred to above,[6] plaintiff has been granted the right to use certain tribal lands for the purpose of constructing and operating a dam and hydroelectric generating facility, known as Round Butte Dam, on the Deschutes River in Oregon. In consideration therefor, plaintiff has agreed to make payments to the Tribes at a rate of compensation subject to periodic review and adjustment, "in order to arrive at fair and equitable compensation * * * from the standpoint of each of the parties," taking into consideration changes in economic conditions.

The agreement provides in substance that if, at a time when "an adjustment should be made," the parties are unable to reach an agreement as to the proper adjustment in rate of compensation within a specified time frame, the "adjustment shall be determined by arbitration." In the fall of 1979, as a result of the inability of plaintiff and the Tribes to agree upon an adjusted rate of compensation for the five-year period commencing August 6, 1979, the matter was referred to arbitration. In February 1982, the arbitrators issued an arbitration award; on March 11, 1982, the arbitrators, agreeing that the earlier award "contains an inadvertent arithmetical error," issued an amended award "which corrects such error and which rescinds * * *" and replaces the prior award. In both cases the effective date of the adjustment is said to be August 6, 1979.

**2.** Rule 41(a)(1) provided that the court might "notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending suit to appear as a party and assert his interest (if any) therein." It "requires no jurisdictional evaluation prior to the issuance of notice, but merely * * * that the person 'appear' to have an interest. * * * a determination that a person should receive 'notice' under Rule 41(a) is not equivalent to a decision that this court has subject matter jurisdiction, may treat the noticed person as a party in interest, or could render a judgment against that person." *Uram v. United States,* 216 Ct.Cl. 418, 420 (1978).

**3.** The record contains no return of service of the notice; it does suggest that plaintiff has advised the Tribes that the Tribes need not appear herein, at least at this stage of the proceeding.

**4.** Although transmitted to the Clerk August 10, 1982, the Tribes' motion was not filed until September 14, 1982, following admission of the Tribes' attorney to the bar of the Court of Claims. *See* U.S.Ct.Cl. Rule 42(a), 28 U.S.C.A. While plaintiff's response to both defendant's motion and the Tribes' motion was in fact filed prior to the actual filing of the Tribes' motion, plaintiff's response nonetheless reflects full cognizance of the Tribes' position.

**5.** In view of this conclusion, the Tribes' motion to quash, and the matter of "abating" all further proceedings herein, need not be reached.

**6.** The agreement, entered into in 1955, was amended in 1961. The "parties hereto" are plaintiff and the Tribes. While the agreement was approved by the Superintendent of the Warm Springs Agency, the sole allegation in the petition respecting defendant's connection with the Tribes (or tribal property) is that defendant "holds title to the land and water as Trustee."

This action, seeking vacation or, alternatively, modification of "the Arbitrators' award," followed.[7]

## II

In moving to dismiss this action defendant contends that the petition does not set forth a claim against the United States at all, but rather simply challenges an arbitration award made pursuant to a contract to which defendant was not a party. Accordingly, defendant says, the petition should be dismissed as beyond the bounds of Section 1491, Title 28, United States Code, as amended by Section 133(a), Federal Courts Improvement Act of 1982, Pub.L. 97–164, 96 Stat. 25, 39.[8] Defendant further contends, however, that even were defendant (by reason of its role as trustee, and the Superintendent's approval of the contract between plaintiff and the Tribes) properly a party to this action, the court would still lack jurisdiction. As defendant sees it, what plaintiff here seeks is not money damages but rather purely equitable relief, in the form of a declaratory judgment that an arbitration award (or awards) should be vacated or modified, beyond the power of this court to grant.

■ Pretermitting entirely the issue whether the petition states *any* claim against the United States, it is quite clear that no claim to money damages against the United States within the purview of

Section 1491 is pleaded.[9] Accordingly, and on the latter ground alone, defendant's argument of lack of jurisdiction is upheld. *United States v. Testan,* 424 U.S. 392, 397–98, 399, 96 S.Ct. 948, 952–53, 953, 47 L.Ed.2d 114 (1976); *United States v. King,* 395 U.S. 1, 2–3, 89 S.Ct. 1501, 1501–1502, 23 L.Ed.2d 52 (1969); *Price v. United States,* 224 Ct.Cl. 58, 61, 621 F.2d 418, 420 (1980).

■ To state a claim within the jurisdiction of this court (*Price v. United States, supra*),

> * * * a plaintiff must assert a substantive right enforceable against the United States for money damages. * * * The claim may be based upon a contract, or if noncontractual in nature such claims have been divided into two related classes—those in which the plaintiff has paid money to the Government and seeks the return of that money, and those demands in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to payment from the United States. * * * Plaintiff's petition fails to make the jurisdictional showing required for either type of claim.[10]

No claim for money damages against the United States is made by plaintiff in this action. Rather, as defendant correctly asserts, plaintiff seeks purely equitable relief, in the form of a declaratory judgment. This court lacks power to grant such relief under Section 1491 in a case such as this,

---

7. A complaint (captioned "Action to Vacate or Modify Arbitration Award") substantially identical to the petition filed herein, naming as defendants the Tribes, a Bureau of Indian Affairs official, and the Superintendent of the Warm Springs Reservation, has been filed by plaintiff in the United States District Court for the District of Oregon (No. 82–695). Plaintiff has also filed an action against the Tribes in the Circuit Court for Multnomah County, Oregon; in that action, plaintiff also seeks vacation or modification of the arbitration award.

8. Section 1491(a), as so amended, provides in part that this court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United

States, or for liquidated or unliquidated damages in cases not sounding in tort."

9. Plaintiff urges that defendant's status as trustee, and its approval of the contract between plaintiff and the Tribes, make the claim sued upon here one "against the United States as well as the Tribes." Plaintiff tacitly concedes the absence of any claim for money damages against the United States, but suggests that such a claim is not a prerequisite to this court's jurisdiction. The suggestion lacks any merit.

10. Citations omitted. This rule is not without exception. *See, e.g.,* Section 7428, Internal Revenue Code of 1954, 26 U.S.C. § 7428, as amended by section 152, Federal Courts Improvement Act of 1982, 96 Stat. 46. Plaintiff's argument that *Price* is inapposite here is, however, wholly untenable.

and no other possible jurisdictional basis for doing so has been cited or is perceived. Accordingly, the petition will be dismissed.