USA PETROCHEM CORPORATION

v.

The UNITED STATES.

No. 643–83C.

United States Claims Court.

Jan. 23, 1984.

Max K. Jamison, Santa Monica, Cal., for plaintiff.

Joseph T. Casey, Jr., Washington, D.C., with whom was Acting Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant.

## ORDER

MARGOLIS, Judge.

Plaintiff USA Petrochem Corporation has moved under RUSCC 14(a)(1) for issuance of notices on the following third parties: Apex Oil Company, Coastal States Trading, Tosco Corporation, LaJet, Inc., Crysen Trading and Marketing, Inc., Atlantic Richfield Corporation and Standard Oil Company of Ohio. Plaintiff contends that if it is found liable on defendant's counterclaim, then, in another suit, the third parties will be liable to plaintiff. Therefore, plaintiff contends that the third parties have an interest in the suit and should be issued notices. Plaintiff concedes that this Court has no jurisdiction over the third parties and does not seek a money judgment against any of the third parties here. Defendant contends that notice under 14(a) cannot be issued unless the Court has jurisdiction over the third parties. This Court grants the plaintiff's motion.

The facts as alleged are as follows. In October 1980, plaintiff entered into contract No. DLA600–81–C–5005 with the Defense Fuel Supply Center. Plaintiff agreed to supply to the defendant approximately two million barrels of Alaska North Slope crude oil (ANS oil), f.o.b. destination, at the Department of Energy terminal at St. James, Louisiana. In exchange, plaintiff was to receive from the defendant's refinery at Elk Hills, California an equal amount of Navy Petroleum Reserve crude oil (NPR oil).

From November 1980 through February 1981, plaintiff delivered approximately two million barrels of ANS oil. In exchange, plaintiff received an equal amount of NPR oil. The ANS oil provided by plaintiff was obtained from various suppliers—the parties to be noticed—who delivered the oil directly to defendant on a "net out-turn" basis. The amount delivered was measured by using tank strapping tables provided to the plaintiff by the defendant.

Plaintiff was notified in November 1981, for the first time, that the tank strapping tables furnished by the United States were inaccurate. In October 1982, the contracting officer determined that the defendant had received approximately 10,000 barrels less than originally measured. Defendant, therefore, was entitled to recover $364,-948.03—the cost of the oil. Plaintiff paid $5,000 under protest and without prejudice and filed this suit to recover the $5,000. Defendant has counterclaimed for the balance.

Under RUSCC 14(a)(1), the Court may issue notice to any person "who is alleged to have an interest in the subject matter" of the suit. The Court of Claims, in interpreting the similar Court of Claims Rule 41(a), stated:

> This rule requires no jurisdictional evaluation prior to the issuance of notice, but merely requires that a person "appear" to have an interest. It is well settled that a determination that a person shall receive "notice" under Rule 41(a) is not equivalent to a decision that this court has subject matter jurisdiction, may treat the noticed person as a party in interest, or

could render a judgment against that person.

*Uram v. United States,* 216 Ct.Cl. 418, 420 (1978).*

█ Rule 14(a) provides an opportunity for interested parties to appear and protect their interests. The third parties, of course, are "noticed" in as parties, not "summoned" in as parties. *Midwest Industrial Painting of Florida v. United States,* 1 Cl.Ct. at 211. The noticed parties can decline to appear and cannot be forced to appear. *Id.; Uram v. United States,* 216 Ct.Cl. at 420. They may, however, be bound in a later suit in another Court by certain determinations in this case by this Court. *Midwest Industrial Painting of Florida v. United States,* 1 Cl.Ct. at 211; *Uram v. United States,* 216 Ct.Cl. at 420.

Plaintiff has alleged that the suppliers have an interest in this action. Thus, the suppliers should be given an opportunity, at their choosing and without compulsion, to appear and protect their interests.

The plaintiff's motion for issuance of notices on third parties is granted. The Clerk will issue the notices.

---

* At the time the Court of Claims decided *Uram,* Court of Claims Rule 41(a) allowed notice to be issued to any person "who appear[ed] to have an interest" in the suit. *Uram v. United States,* 216 Ct.Cl. at 420. The rule was subsequently modified to the form which it now takes as RUSCC 14(a)(1). Under the present rule, notice may be issued to any person "who is alleged to have an interest" in the suit. The modification has had no material effect on the interpretation of the rule. *Accord, Midwest Industrial Painting of Florida v. United States,* 1 Cl.Ct. 209, 210 (1983) (Lydon, J.).