**DEL-RIO DRILLING PROGRAMS, INC., et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 569–86L.**

United States Claims Court.

Aug. 28, 1989.

---

Gerald E. Nielson, Salt Lake City, Utah, attorney of record, for plaintiffs.

Kenton W. Fulton, Washington, D.C., with whom was Asst. Atty. Gen. Richard B. Stewart, for defendant.

## ORDER

REGINALD W. GIBSON, Judge:

On September 11, 1986, Del–Rio Resources, Del–Rio Drilling Programs, Inc., Syndicators, Inc., Western United Mines, Inc., Oil Canyon Fund, No. 1, and three limited partnerships identified as 1980–1, 1979–1, and 1979–2, filed a complaint in this court against the United States alleging breach of certain federal oil and gas leases located in Unitah County, Utah, by the Department of the Interior, Bureau of Land Management. The complaint also named 25 plaintiffs identified only as "John Doe." The complaint further alleged that actions taken by the defendant through the Department of the Interior, Bureau of Indian Affairs, constituted a taking without payment of just compensation in violation of the Fifth Amendment of the United States Constitution.

Thereafter, on April 22, 1987, plaintiffs filed an amended complaint which specifically named 26 plaintiffs, some of whom had been previously identified as "John Doe," plaintiffs. Pursuant to RUSCC 19(c), plaintiffs' amended complaint named an additional 11 entities or groups of individuals holding an interest in the subject oil and gas mineral estates who either refused to join the present action or had not been asked to join. In view of such, on June 1, 1987, defendant moved to dismiss this action, pursuant to RUSCC 19, averring that plaintiffs failed to join certain lessees and fractional interest holders as indispensable parties. On August 10, 1989, this court ordered the parties to brief RUSCC 14(a)(1) and its applicability to this matter. On August 16, 1989, plaintiffs requested this court to issue such notices on its own motion or, in the alternative, to issue such notices on plaintiffs' motion for good cause shown pursuant to the requirements of RUSCC 14(a)(3). Oral argument was held on August 18, 1989. The jurisdiction of this court is premised upon 28 U.S.C. § 1491 (1989). After a thorough review of the pleadings, the court denies defendants' motion to dismiss.

*Statement of Facts*

Beginning in 1957 and continuing through 1974, the defendant, through the Department of the Interior, Bureau of Land Management, executed a series of leases covering subsurface oil and gas mining rights in Unitah County, Utah. Eleven of these federal oil and gas leases are the subject matter of the present litigation. These leases were originally executed by the defendant as lessor with six individuals.[1]

Following execution, the record title, operating royalty, overriding royalty, and working interests of each lease were fragmented by numerous transfers and assignments. Most recently, the subject leases were consolidated in the Oil Canyon Two Unit Area.[2] Plaintiffs obtained various in-

---

**1.** The parties do not dispute the identify of the six original lessees:

| Serial Number | Effective Date | Original Lessee |
| --- | --- | --- |
| U–019837 | 1/1/57 | Robert F. Dieke |
| U–6610 | 9/1/68 | Joan Chorney |
| U–6612 | 9/1/68 | Joan Chorney |
| U–6632 | 9/1/68 | Raymond Chorney |
| U–6634 | 9/1/68 | Raymond Chorney |
| U–10162 | 12/1/69 | Joan Chorney |
| U–10163 | 12/1/69 | Joan Chorney |
| U–10164 | 12/1/69 | Joan Chorney |
| U–10165 | 12/1/69 | Joan Chorney |
| U–18726 | 6/1/69 | Arthur Meinhart Irwin Rubenstein |
| U–27043 | 11/1/74 | Morris W. Newman. |

**2.** A unit agreement may be characterized as a "one for all and all for one" type of arrangement. Thus, all substances produced on any tract in the unit area is deemed to be produced equally and allocated according to the percentage of acreage that each tract bears to the total acreage of unitized land in the participating

terests in the leased subsurface mineral estate and constructed buildings and other improvements on the surface of the leased estate. They drilled and developed six wells—three capable of production, two not completed, and one abandoned. Plaintiffs also built a 17-mile pipeline, which was unfinished at the commencement of this litigation, to enable delivery of gas produced in the unit to commercial purchasers.

The leases in question are located on and within Indian tribal lands held in trust by the United States Government for the Uintah and Ouray Indians of the Ute Tribe. On or about September 8, 1983, the plaintiffs' access to the leased property was terminated by the Department of the Interior, Bureau of Indian Affairs. This denial of access was at the request of the Ute Indian Tribes, which retained the right to veto any Department of the Interior attempt to grant access or right of way over the surface estate of lands held in trust for the Ute Tribe.

Plaintiffs have identified 26 interested parties who have voluntarily joined in litigation seeking compensation for the alleged denial of access to the leased premises. Pursuant to RUSCC 19(c), plaintiffs have also identified 11 groups who have not yet joined this suit.[3] Of those interests held by plaintiffs, some were accomplished

by assignments approved and recorded by the Bureau of Land Management.[4] The defendant has submitted a compilation of record title and operating right interest holders for the leased estate under consideration here as of July 28, 1987.[5] These records demonstrate, and both parties agree, that there are at least some record title and royalty interest holders who have not yet joined this litigation. This fact is the basis for defendant's motion to dismiss for failure to join indispensable parties.

*Contentions of the Parties*

A. Defendant

Pursuant to RUSCC 19, the defendant moved to dismiss the plaintiff's complaint on the grounds that there are indispensable parties who have not been joined. More specifically, the defendant has taken the position that the plaintiffs must join each and every party holding an interest in the oil and gas leases, particularly those unjoined parties who hold a record title interest. The defendant bases its motion on the premise that joinder of these parties is not feasible under RUSCC 19(a), and that, pursuant to RUSCC 19(b), this action must therefore be dismissed following such a determination of nonfeasibility.

In support of its RUSCC 19 argument, the defendant in effect contends that, un-

---

area. *See* July 29, 1981 Oil Canyon Two Unit Area Agreement, Plaintiffs' Amended Complaint, Exhibit G, pp. G13–G14.

3. Those who have not joined either refused to join or have not yet been asked to join. Those parties who have been identified as having an interest but have not yet joined this suit include: 1. Evergreen Aviation, Inc.; 2. Larry Abrams; 3. Exxon Corporation; 4. NGC Corporation; 5. PTS Corporation; 6. Chorney Oil Company; 7. Joan Chorney; 8. Raymond Chorney, R. K. O'Connell, Robert W. Scott, L. Stanley, O.L. Rickard, Maggie Boltz, Willard J. Pearson, Jr., and Patrick Grubbs; 9. Robert Dieke, Erving Wolfe, Advance Ross Corporation; 10. Eugene A. O'Brien, J. Paul Mathias, Larry R. Gaston, Erwin Rubenstein, Arthur E. Meinhart, Newport Exploration, Inc., and Gloster Production Properties; 11. Utah Resources International, State of Utah, John H. Morgan, Sr., John H. Morgan, Jr., and Justheine Petroleum, Inc. *See* Plaintiffs' Amended Complaint, pp. 8–12.

4. The Bureau of Land Management requires every transfer of record title or operating interests to be filed and approved before that interest can

become a valid assignment binding against defendant. *See* Affidavit of Robert Lopez, Chief, Minerals Adjudication Section, Bureau of Land Management. Filing and approval of royalty interest transfers, on the other hand, are not required. *Id.* The defendant offers no explanation for the inconsistency between this policy and lease terms which require filing and approval for virtually all interest transfers, including royalty interest transfers. *See* Lease Terms, section 2(m), Plaintiffs' Original Complaint, Exhibit A.

5. *See* Affidavit of Robert Lopez, *supra* note 4. This information, being consistent in all material respects with the record title and operating right interest holders as set forth in the July 29, 1981 Oil Canyon Two Unit Area Agreement submitted by plaintiffs, is attached as Appendix 1 and is incorporated herein by reference. *Compare* July 29, 1981 Oil Canyon Two Unit Area Agreement, Plaintiffs' Amended Complaint, Plaintiffs' Amended Complaint, Exhibit G.

der RUSCC 4, this court lacks the jurisdiction to effect service of process on any party other than the United States. Consequently, according to the defendant, the inability of this court to effect service of process on the interested third parties herein deprives the court of jurisdiction to join those parties as involuntary plaintiffs pursuant to RUSCC 19(a).[6] However, because RUSCC 19(a) contains inconsistent provisions,[7] and because a ruling on RUSCC 19(a) would not be dispositive, due to the applicability of the more appropriate provisions set forth in RUSCC 14(a)(1), this court need not address the merits of defendant's RUSCC 19 motion. We choose, instead, to resolve this matter through the issuance of appropriate notices pursuant to RUSCC 14(a)(1).

### B. Plaintiffs

As previously noted, on August 10, 1989, this court ordered the parties to brief RUSCC 14(a)(1) and its applicability to this litigation. The plaintiffs subsequently replied on August 16, 1989, requesting that this court, *sua sponte*, issue notices pursuant to its discretion. In the alternative, plaintiffs' brief contains verbiage requesting issuance of notices pursuant to their own motion for good cause shown as required by RUSCC 14(a)(3). For the reasons expressed hereinafter, the court, *sua sponte*, issues such notices pursuant to RUSCC 14(a)(1).

### Discussion

The ultimate objective of this court in general, and in these proceedings in particular, is to ensure that all parties required for a full, complete, fair, and just adjudication of the issues are present to assert or defend any interest in the subject matter of this litigation. This goal may be substantially achieved through RUSCC 14. RUSCC 14(a)(1) provides that:

*The court, on its own motion or on the motion of a party, may notify any person* with legal capacity to sue and be sued and who is *alleged to have an interest in the subject matter of any pending action to appear as a party and assert his interest* (if any) therein.

(emphasis added).

 Clearly then, under RUSCC 14(a)(1), this court may, *sua sponte*, issue a notice to any interested third party to appear and assert its interest.[8] The principal purpose behind RUSCC 14(a)(1) and its predecessor in the Court of Claims, Rule 41(a), is the prevention of multiple proceedings and determinations on an identical set of facts. *Philadelphia Suburban Corp. v. United States*, 211 Ct.Cl. 354, 355 (1976). It is also in furtherance of the laudable goal to conserve judicial time and effort which determines whether notice shall is-

---

6. RUSCC 19(a) provides in pertinent part:

(a) Persons To Be Joined If Feasible. *A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined ... If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made an involuntary plaintiff.* (emphasis added).

7. RUSCC 19(a) clearly provides authority for the court to join an interested party as an involuntary plaintiff under the appropriate circumstances. At the same time, however, this power is conditioned upon the requirement that any person to be joined must be subject to service of process. Defendant correctly notes that, under RUSCC 4, service of process may be obtained only upon the United States. There is no provision in RUSCC or elsewhere for service of process upon an interested party for the purpose of joining those parties as involuntary plaintiffs

under RUSCC 19. Thus, there is an inconsistency between the provisions of RUSCC 19(a) and RUSCC 4. Further, RUSCC 19(a) contains an inherent inconsistency, providing for the joinder of involuntary plaintiffs, while at the same time conditioning such power on service of process which does not exist. Thus, while clarification of these inconsistencies are not dispositive in this case, *see infra*, we assume that the Claims Court Rules Committee will forthwith address and resolve these apparent problems.

8. While the defendant argues that the use of RUSCC 14(a)(1l) is appropriate only when a third party faces potential liability, *citing Myrtle Beach Pipeline Co. v. United States*, 6 Cl.Ct. 363 (1984); *USA Petrochem Corp. v. United States*, 4 Cl.Ct. 345 (1984); *Midwest Industrial Painting of Florida v. United States*, 1 Cl.Ct. 209 (1983), both the rule itself and case law demonstrate that notice should be issued so that a third party has an opportunity to *either assert or defend* any interest in the subject matter of the litigation.

sue where third party interests are apparent. *Id.* The key factor in every determination regarding the propriety of issuing notice is—whether the third party to whom notice is directed "appears" to have an interest in the subject matter of the proceedings. *Id.; Myrtle Beach Pipeline Co. v. United States,* 6 Cl.Ct. 363, 365 (1984). Even in those situations where an alleged third party interest in the suit is uncertain, an *apparent* interest is legally sufficient to support an issuance of notice. *Philadelphia Suburban,* 211 Ct.Cl. at 355–56, *citing Carrier Corp. v. United States,* 209 Ct.Cl. 267, 534 F.2d 250 (1976). Consequently, where the appearance of such an interest is present, any motion by a party litigant to quash such a notice must be denied. *See Myrtle Beach,* 6 Cl.Ct. at 365 (citations omitted). A motion to quash the issuance of such a notice has apparently been granted only where the third party to be served persuasively demonstrates that it has no interest in the subject matter of the litigation that could be used by the government to defeat the claim asserted against it by the plaintiff. *See Christy Corp. v. United States,* 181 Ct.Cl. 768, 387 F.2d 395 (1967).

 Issuance of a RUSCC 14(a)(1) notice also resolves any jurisdictional defects which might otherwise prevent this court from proceeding to a trial on the merits and deciding facts which may affect the rights of all those parties holding any type of interest in the subject oil and gas leases at issue here. A determination that a party should receive a notice is not equivalent to a decision—that this court has subject matter jurisdiction, that the noticed party is a party in interest, or that this court could render a judgment against that party.

*Uram,* 216 Ct.Cl. at 420; *Bowser,* 190 Ct.Cl. at 445–46, 420 F.2d at 1060–61. It is therefore clear that this court cannot render a judgment against a noticed third party who does not appear, *Uram,* 216 Ct.Cl. at 420, nor can it grant relief to such a party. *Midwest Industrial Painting of Florida v. United States,* 1 Cl.Ct. 209, 211 (1983). Issuance of such notice merely provides an opportunity for interested parties to appear and protect their interests without compulsion. *Uram,* 216 Ct.Cl. at 420. As previous decisions in both the Claims Court and the predecessor Court of Claims have noted, when the third party practice provisions of RUSCC 14(a)(1) are employed, it is immaterial whether this court lacks jurisdiction over third parties, that those third parties may decline to appear, and that they cannot be forced to appear. *Uram v. United States,* 216 Ct.Cl. 418, 420 (1978); *Myrtle Beach,* 6 Cl.Ct. at 365. *See Bowser, Inc. v. United States,* 190 Ct.Cl. 441, 445–46, 420 F.2d 1057, 1060–61 (1970).

 However, third parties who fail to appear may nonetheless be bound in a later suit in another court by certain determinations made in this court without that third party's presence.[9] *Id.; Bowser,* 190 Ct.Cl. at 445–46, 420 F.2d at 1060–61; *USA Petrochem Corp. v. United States,* 4 Cl.Ct. 345, 347 (1984). Third parties who choose not to appear will be precluded from retrying issues of law and fact already resolved in the third party's absence. *Uram,* 216 Ct.Cl. at 420. Interested third parties who do appear are subject to this court's jurisdiction and will be bound if they assert a claim for money damages against the United States. *See, e.g., Uram,* 216 Ct.Cl. at 420. Of course, any party who actually

---

**9.** It is helpful to emphasize the distinction between the requirements for issuance of notice under RUSCC 14(a)(1) and the issuance of summons under RUSCC 14(a)(2). Third party practice as to issuance of summons relates to the power of the court to render judgment against a third party, as discussed in *Bowser,* 190 Ct.Cl. at 449, 420 F.2d at 1062. Issuance of notice, on the other hand, relates only to the court's ability to notify a third party that its *apparent* interests may be affected and that determinations made on the facts will preclude certain later litigation. Thus, the fact that certain findings may be binding on absent third party interest holders here is not equivalent to rendering judgment with respect to those parties. Rather, in the course of adjudicating the present dispute between the plaintiffs and the government, the court may be forced to make some determinations which concern absent third party interests in order to render a judgment for or against the plaintiffs or the government. Issuance of notice provides an opportunity for those third parties to be present when such determinations are made. *See Myrtle Beach,* 6 Cl.Ct. at 367, n. 3.

joins the suit has consented to jurisdiction and will be bound in any event. This court's third party practice is also in accord with the following general legal principles:

> ... [I]f a person who has such an interest in the subject matter as would be injuriously affected by the judgment ... has notice of the pendency of the action and refuses or neglects to appear and avail himself of his rights, he will be concluded by the judgment, although he was not named as a party to the action.

*Bowser,* 190 Ct.Cl. at 446, 420 F.2d at 1061, *citing* 50 C.J.S. Judgments § 768 (1947). These principles are incorporated into RUSCC 14(a)(1) and, as *Bowser* observes, may be found in many federal court decisions. "There is nothing unfair or unconstitutional about this third party practice." *Myrtle Beach,* 6 Cl.Ct. at 366.

██ Here, plaintiffs and defendant both allege and concede that there are third parties who either have or may have an interest in the subject oil and gas leases. The third parties in question have not advanced the position of a lack of interest as a reason for their refusal to join the lawsuit.[10] To the contrary, the record reflects the clear appearance of an interest, as required for issuance of notice under RUSCC 14, in at least some of the unjoined parties in question.[11] Thus, each potential interest holder not presently represented in this action should be given the opportunity, at their choosing and without compulsion, to appear and protect their interests.

### Conclusion

For the reasons expressed, *supra,* defendant's motion to dismiss for want of indispensable parties is DENIED. Alternatively, this court, *sua sponte,* issues notices to all parties not presently joined in this action who allegedly have an interest in the subject matter at bar. Plaintiffs are hereby ordered to file with the Clerk, on or before September 15, 1989, the addresses of all those parties who have an interest in the leases but who have as of this date declined to join this suit. The Clerk shall thereafter issue appropriate notices pursuant to RUSCC 14(c).

IT IS SO ORDERED.

## APPENDIX 1

| SERIAL NUMBER | LESSEE | | OPERATING RIGHTS | |
|---|---|---|---|---|
| U–019837 | Hiko Bell Mining and Oil Co. | 100% | Hiko Bell Mining and Oil Company | 100% |
| U–6610 | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | Mono Power Company | 37.5% | Mono Power Company | 37.5% |
| | Joan Chorney | 25% | Joan Chorney | 25% |
| U–6612 | As to Sec. 3: Lots 1, 2, 3, 4, S½N½, S½ (All): | | As to Sec. 3: Lots 1, 2, 3, 4, S½N½, S½ (All): | |
| | Natural Gas Corp of CA | 75% | Natural Gas Corp of CA | 75% |
| | Joan Chorney | 25% | Joan Chorney | 25% |
| | As to Sec. 10: All; Sec. 15: W½, NW¼NE¼, NW¼SE¼: | | As to Sec. 10: All; Sec. 15: | |

**10.** The plaintiffs have stated that the unjoined interest holders, some of whom held extensive interests in other government mineral leases in other parts of the country, have refused to join this suit because they do not wish to jeopardize or poison their business relationship with the federal government.

**11.** The defendant has identified four record title holders who have not been joined, including Exxon Corporation, Natural Gas Corporation of California, Joan Chorney, and Raymond Chorney. Defendant's Motion to Dismiss, p. 3, note 3. The remainder of the unjoined parties hold other interests which are not recorded by the Bureau of Land Management.

| SERIAL NUMBER | LESSEE | | OPERATING RIGHTS W½, NW¼NE¼, NW¼SE¼: | |
|---|---|---|---|---|
| | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | Mono Power Company | 37.5% | Mono Power Company | 37.5% |
| | Joan Chorney | 25% | Joan Chorney | 25% |
| | As to Sec. 13: NE¼NE¼, NE¼NW¼, NE¼SE¼, SE¼SW¼: | | As to Sec. 13: NE¼NE¼, NE¼NW¼, NE¼SE¼, SE¼SW¼: | |
| | Exxon Corporation | 62.5% | Exxon Corporation | 62.5% |
| | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| U–6632 | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | Mono Power Company | 37.5% | Mono Power Company | 37.5% |
| | Raymond Chorney | 25% | Raymond Chorney | 25% |
| U–6634 | As to Sec. 1: All, Sec. 24, All: | | As to Sec. 1: All, Sec. 24, All: | |
| | Exxon Corporation | 62.5% | Exxon Corporation | 62.5% |
| | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | As to Sec. 4: All; Sec. 8: NE¼; Sec. 9: N½, N½SE¼: | | As to Sec. 4: All; Sec. 8: NE¼; Sec. 9: N½, N½SE¼: | |
| | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | Mono Power Company | 37.5% | Mono Power Company | 37.5% |
| | Raymond Chorney | 25% | Raymond Chorney | 25% |
| U–10162 | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | Mono Power Company | 37.5% | Mono Power Company | 37.5% |
| | Joan Chorney | 25% | Joan Chorney | 25% |
| U–10163 | As to Sec. 11: All; Sec. 12: All; Sec. 14: NE¼NE¼, NE¼NW¼, SW¼SW¼, NE¼SE¼; Sec. 23: SW¼NE¼, SW¼NW¼, SW¼SW¼, SE¼SE¼: | | As to Sec. 11: All; Sec. 12: All; Sec. 14: NE¼NE¼, NE¼NW¼, SW¼SW¼, NE¼SE¼; Sec. 23: SW¼NE¼, SW¼NW¼, SW¼SW¼, SE¼SE¼: | |
| | Exxon Corporation | 62.5% | Exxon Corporation | 62.5% |
| | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | As to Sec. 22: NW¼NE¼, W½, SE¼: | | As to Sec. 22: NW¼NE¼, W½, SE¼: | |
| | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | Mono Power Company | 37.5% | Mono Power Company | 37.5% |
| | Joan Chorney | 25% | Joan Chorney | 25% |
| U–10164 | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | Mono Power Company | 37.5% | Mono Power Company | 37.5% |
| | Joan Chorney | 25% | Joan Chorney | 25% |
| U–10165 | As to Sec. 25: All; Sec. 26: All: | | As to Sec. 25: All; Sec. 26: All: | |
| | Exxon Corporation | 62.5% | Exxon Corporation | 62.5% |
| | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |

| SERIAL NUMBER | LESSEE | | OPERATING RIGHTS | |
|---|---|---|---|---|
| | As to Sec. 27: All: | | As to Sec. 27: All: | |
| | | | Surface to 1,000' | |
| | Natural Gas Corp of CA | 37.5% | Natural Gas Corp of CA | 37.5% |
| | Mono Power Company | 37.5% | Mono Power Company | 37.5% |
| | Joan Chorney | 25% | Joan Chorney | 25% |
| | | | 1,000'–6,910' | |
| | | | Mono Power Company | 18.75% |
| | | | Del Rio Drilling Programs, Inc. | 25% |
| | | | Syndicators, Inc. | 25% |
| | | | Natural Gas Corp of CA | 18.75% |
| | | | Joan Chorney | 12.5% |
| | | | Below 6,910' | |
| | | | Natural Gas Corp of CA | 37.5% |
| | | | Mono Power Company | 37.5% |
| | | | Joan Chorney | 25% |
| | * * * * | | * * | |
| U–18726 | Natural Gas Corp of CA | 100% | Natural Gas Corp of CA | 100% |
| U–27043 | Exxon Corporation | 100% | Exxon Corporation | 100% |