ORDER
This case comes before the court on the motion of May 4,1954, made under a special appearance of third party defendants Harry D. Hirsch and Charlotte B. Hirsch, under rule 16 (b) (1), denying the jurisdiction of the court; said third party defendants having been impleaded on motion of defendant, the United States, under section 14 (b) of the Contract Settlement Act of 1944, 41 U. S. C. 114 (b), (58 Stat. 663). Said section provides in part as follows:
“The Court of Claims, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or proceedings, within such period of time prior to judgment as the Court of Claims shall prescribe. * * * The Court of Claims may, upon motion of the Attorney General, in any suit or proceeding where there may be any number of persons having possible interests therein, notify such persons to appear to assert and defend such interests. Upon failure so to *816 appear, any and all claims or interests in claims of any such person against the United States, in respect of the subject matter of such suit or proceeding, shall forever be barred and the court shall have jurisdiction to enter judgment pro confesso upon any claim or contingent claim asserted on behalf of the United States against any person who, having been duly served with summons, fails to respond thereto, to the same extent and with like effect as if such person had appeared and had admitted the truth of all allegations made on behalf of the United States. Upon appearance by any person pursuant to any such summons or notice, the case as to such person shall, for all purposes, be treated as if an independent proceeding had been instituted by such person pursuant to section 250 of Title 28, and as if such independent proceeding had then been consolidated, for purposes of trial and determination, with the case in respect of which the summons or notice was issued, except that the United States shall not be heard upon any counterclaims, claims for damages or other demands whatsoever against such person, other than claims and contingent claims for the recovery of money hereafter paid by the United States in respect of the transaction or matter which constitutes the subject matter of such case, unless and until such person shall assert therein a claim, or an interest in a claim, against the United States, and the Court of Claims shall have jurisdiction to adjudicate., as between any and all adverse claimants, their respective several interests in any matter in suit and to award several judgments in accordance therewith.”
Subparagraph (c) of section 114, supra, provides as follows:
“The jurisdiction of the Court of Claims shall not be affected by this chapter except to the extent necessary to give effect to this chapter, and no person shall recover judgment on any claim, or on any interest in any claim, in said court which such person would not have had a right to assert in said court if this section had not been enacted.”
It appears from the facts of record and the pleadings in this case that while Harry D. Hirsch and Charlotte B. Hirsch, the third party defendants, have an interest in the subject matter ($2,276,822.07) of one of the three counterclaims filed by defendant, the United States, against the plaintiff, on July 7, 1953, said third party *817 defendants have no interest whatsoever in any claim made by plaintiff in this suit against the Government. The language of section 14 of the Contract Settlement Act of 1944, quoted above (under which the third party defendants have been impleaded), requires that the third party defendants must have an interest in the plaintiff’s claim in its suit against the Government, which interest such third party defendants might assert against the United States or in connection with which interest the United States might assert a claim against such third party defendant. Compare Hardin County Savings Bank v. United States, 102 C. Cls. 815. Therefore,
It is ordered, This twenty-eighth day of February 1.955, that the motion of the third party defendants denying the jurisdiction of the court be, and is hereby, allowed, and
It is further ordered, That the order of March 26, 1954, allowing the motion of the defendant for the issuance of a summons to Harry D. Hirsch and Charlotte B. Hirsch, be vacated and set aside, and the said summons issued to each pursuant thereto be quashed.
By the Court.
Marvin Jones, Chief Judge.