BOWSER, INC.

v.

The UNITED STATES.

No. 25-61.

United States Court of Claims.

June 12, 1970.

See also Ct.Cl., 423 F.2d 1369.

Bernard Hoban, Chicago, Ill., attorney of record, for plaintiff. Clarence E. Threedy, Chicago, Ill., of counsel.

Thomas J. Byrnes, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

W. R. Hulbert, Boston, Mass., with Charles C. Winchester and James B. Lampert, Boston, Mass., of counsel, filed a brief for Fram Corp. and The Bendix Corp. as amici curiae.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, S K E L T O N, and NICHOLS, Judges.

ON PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

COWE, Chief Judge.

Plaintiff's motion for reconsideration of this court's January 23, 1970 decision and for other relief sets forth four separate requests for relief:

1. That we reconsider that portion of our decision which eliminated from the recovery period plaintiff's right to recover for separators sold by General Steel Tank Co., Inc. (General Steel), after December 31, 1964;

2. that we affirm the doctrine of collateral estoppel as between Bowser and the United States;

3. that we direct the trial commissioner to extend the recovery period as closely as possible to the date of final judgment, and

4. that we direct prompt hearings on issues of infringement and compensation.

I

In our decision of January 23, 1970, we held in Part II thereof that the extension of the accounting period to October 1, 1968, would not apply to allegedly infringing separators procured from General Steel on or after December 31, 1964. In its present motion, plaintiff first asked us to reconsider that holding and to leave unchanged the extension of the accounting period with respect to General Steel. In ruling on plaintiff's motion,

we note that there were several reasons for withdrawing the extension of the accounting period with respect to General Steel. Foremost in the mind of the court was a desire to do justice to all of the parties concerned in this action. We thought that at least so far as General Steel was concerned, the extension of the accounting period had been improvident because it denied to General Steel the opportunity to participate in the defense of plaintiff's action. We also took into account defendant's plea that, since General Steel supplied separators under contracts entered into with the Government after December 31, 1964, the Government was unable to comply with the provisions of its indemnity contract by giving General Steel notice of the suit sufficiently in advance of the trial to afford it an opportunity to participate in the defense of the case. These considerations were balanced against the equities of plaintiff and our feeling that plaintiff had ample time to file a new petition covering devices supplied by General Steel. We think plaintiff has not shown sufficient grounds for reversing Part II of our decision, and plaintiff's first request is denied.[1]

▮ It should be made clear that Part II of our decision of January 23, 1970, applies only to General Steel. No other third party or supplier of devices to defendant had applied for such relief, and we did not have before us the facts which are necessary to determine whether there are others who are entitled to the same relief. It may be that some of the suppliers do not desire such relief or that they may not be entitled to it. Although we do not have all of the pertinent facts before us now, the record indicates that some of the suppliers are not in the same position as General Steel. Quite apart from notices issued by the court pursuant to our former Rule 23 (now Rule 41), it may well be that the defendant, in accordance with the provisions of its indemnity contracts, gave some of its suppliers notice of the suit sufficiently in advance of the trial, which began June 16, 1964, to enable them to participate in the defense of the action if they desired to do so.[2] Therefore, if any of the third party defendants or other suppliers of allegedly infringing devices desire to obtain the relief granted to General Steel in Part II of our decision of January 23, 1970, it is incumbent upon them to file prompt application for such relief. Since there may be some uncertainty as to the procedure which should be followed by such applicants, we have this day issued an order covering the matter.

▮ On March 16, 1970, plaintiff filed a new petition in this action, but in its motion for reconsideration says that if the accounting period is rolled back to a period prior to the date this case was tried, there will be a gap of four years, from January 23, 1961, when plaintiff's first petition was filed, to March 16, 1964, which would not be covered by either the old or the new petition. According to plaintiff, there are at least seven companies which supplied infringing separators to defendant during that interval. Those companies were: Fram Corporation, The Bendix Corporation, United Manufacturing and Engineering Corporation, Heil Co., Filters, Inc., Columbia Steel and Tank Co., and Fixed Installations. Assuming that this information furnished by plaintiff is correct, we assure plaintiff that it has no cause for apprehension. In our decision of January 23, 1970, we did not intend to

---

1. Plaintiff says that we erred in assuming that all of defendant's contracts with General Steel were entered into on or after December 31, 1964, and that General Steel supplied some separators under purchase orders issued March 11, 1963, and May 14, 1964. However, plaintiff also says that none of the separators were supplied prior to May 14, 1964, and if this is correct, plaintiff's new petition filed March 16, 1970, would cover plaintiff's right to recover for any such infringing devices.

2. As to the conclusive effect of our decision of December 15, 1967, on indemnitors who received adequate advance notice from defendant, see the authorities cited in Part I of our decision of January 23, 1970.

abrogate the general rule applied in this court that damages are normally determined in such actions as this up to the date of judgment. Ushakoff v. United States, 375 F.2d 822, 179 Ct.Cl. 780 (1967); Calhoun v. United States, 354 F.2d 337, 173 Ct.Cl. 893 (1965). Accordingly, we hold that in any event plaintiff is entitled to an accounting under its original petition for all infringing devices supplied to defendant during the six-year period preceding the filing of the petition and thereafter up to and including March 15, 1964. It is possible that some of defendant's suppliers may not have received notice of their interest in the subject matter of the litigation in time to enable them to participate in the defense of the case covered by our decision of December 15, 1967. If so, we realize that the lack of such notice may present a question as to the right of the United States to be indemnified for some of the damages that may be recovered against it. However, the question of plaintiff's right to recover compensation is separate and apart from the question of the Government's right to indemnity. The former is the primary concern of this litigation for, as we have previously stated, the Government's right to enforce the indemnity agreement is a remedy which must be pursued in another forum. Plaintiff's right to recover damages in this action for all infringing devices supplied to defendant before March 16, 1964, may not be barred because of defendant's failure to give proper notice to its suppliers. Martin Co. v. United States, 169 F.Supp. 524, 144 Ct.Cl. 714 (1959).

## II

Plaintiff's second request that we affirm the applicability of the doctrine of collateral estoppel as between Bowser and the United States is denied. The issue has not yet been raised, and we do not think it will be presented in any proceedings under plaintiff's petition filed March 16, 1970. All of the parties to this action are fully aware that the issues relating to the validity of plaintiff's patent and the infringement thereof by devices supplied by Richmond Engineering Co., Inc., were fully tried and decided by this court on December 15, 1967. In view of our decisions applying the doctrine of collateral estoppel, we do not assume that the Government would undertake to retry these issues. However, if the question arises, we are confident that our trial commissioner can readily dispose of it without difficulty.

## III

Plaintiff's third and fourth requests will be considered together. Plaintiff says that it is suffering severe financial losses because of the delay in completing the accounting in this action and that the complications caused by our decision of January 23, 1970, will prolong the delay and increase plaintiff's losses. Plaintiff, therefore, requests that we direct prompt hearings on the issue of infringement and just compensation, and that we direct our trial commissioner to extend the accounting period as closely as possible to the date of final judgment.

In particular, plaintiff points out that it has a clear right to recover compensation by reason of the devices supplied by Richmond Engineering Co., Inc., and that this right should be resolved expeditiously without subjecting plaintiff to the delay that may be incurred in the proceedings under its petition filed March 16, 1970. We think plaintiff's position in this regard is well taken, and we authorize and direct our trial commissioner to proceed without delay to make a determination and report of the amount of compensation due plaintiff on the devices supplied by Richmond Engineering Co., Inc. As pointed out in Part I of this opinion, it may well be that there is no reason for delaying the accounting with respect to devices supplied by other manufacturers, including those who do not file motions pursuant to the court's order issued this day. It is possible that the Government obtained some infringing devices from companies which did not enter into an indemnity agreement with the United States. Because of these possibilities, we

grant our trial commissioner full discretion to proceed expeditiously in determining the amount of compensation due plaintiff under its original petition in all instances where, in the commissioner's judgment, this may be done without awaiting the proceedings under plaintiff's petition of March 16, 1970. In this connection, the commissioner is authorized to extend the recovery period as closely to the date of his report as he deems practicable.

### ORDER

Pursuant to Part I of the court's opinion of this date on plaintiff's motion for partial reconsideration of our decision of January 23, 1970,

IT IS ordered that any third party defendant, or any company which supplied to defendant filters which allegedly infringed plaintiff's patent, shall have thirty (30) days from this date within which to file a motion, if they so desire, requesting the court to eliminate from this action plaintiff's right to recover compensation on account of filters supplied by the movant to the United States after March 15, 1964, and to permit movant to participate in the defense of plaintiff's petition filed March 16, 1970. Each such motion shall state whether movant entered into a contract indemnifying the United States for damages that may be recovered by plaintiff and other grounds on which the motion is based. Each such motion shall also show whether, apart from any notice issued by the court, the movant received notice from defendant, by letter or otherwise, of the pendency of this suit and the date such notice was received; if a copy of the notice is not attached to the motion, the motion shall also show whether the notice advised the movant of its right to appear and participate in defense of this suit. If no notice was received from defendant, or if no notice issued by the court was served upon the movant, the motion shall so state; and

It is further ordered that plaintiff shall have thirty (30) days from the filing of any such motion to file plaintiff's response or objection thereto; and

It is also ordered that in addition to the service of a copy of this order on plaintiff, defendant, and each third party defendant, the clerk shall serve a copy of this order, together with copies of the court's decisions of January 23, 1970, and June 12, 1970, upon the following companies, which allegedly supplied infringing filters to defendant: The Heil Co., Filters, Inc., Orr & Semblower, Crawford Enterprises, White Motor Co., Kaiser Jeep Corporation, and Fixed Installations.