**ROCKWELL INTERNATIONAL CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 93–542C.

United States Court of Federal Claims.

July 8, 1994.

John F. Lynch, Houston, TX, attorney of record for plaintiff. Gene Spears, of counsel.

Chun–I Chiang, Washington, DC, attorney of record for defendant, with whom was Asst. Atty. Gen. Frank W. Hunger. John Fargo and James E. Hopenfeld, of counsel.

Elizabeth Miller Roesel, Washington, DC, attorney for nonparty Hughes Aircraft Co., appearing specially.

---

## MEMORANDUM OF DECISION

HARKINS, Senior Judge.

Pursuant to the jurisdiction conferred in 28 U.S.C. § 1498(a), Rockwell International Corporation (Rockwell) seeks reasonable and entire compensation from the United States for alleged infringement of U.S. Patent No. 4,368,098 (the '098 patent). Rockwell's patent is directed to an organo-metallic process for producing epitaxial films of Group III–V semiconductor on a single crystal substrate, a process that generally is referred to in the art as Metal Organic Chemical Vapor Deposition (MOCVD). Rockwell alleges that various Government procurements of image intensifying tubes for night vision equipment, photovoltaic cells, laser diodes and other devices involved development and/or manufacture using methods covered by the claims of the '098 patent. Rockwell's action involves the validity of the '098 patent, infringement issues, and amount of compensation, if any, due.

The complaint identifies 16 contractors that are alleged to have participated in procurements of items covered by claims of the '098 patent. Pursuant to RCFC 14(a)(1) and (c), defendant has issued notices to 37 companies, one of which is Hughes Aircraft Company (Hughes). Each of the 37 companies has an apparent interest in this action in that under their respective contracts with the United States they may be obligated to indemnify defendant.

RCFC 14(a)(1) provides:

The court, on its own motion or on the motion of a party, may notify any person with legal capacity to sue and be sued and who is alleged to have an interest in the subject matter of any pending action to appear as a party and assert an interest, if any, therein.

RCFC 14(c) provides procedures for issuance and service of the notice and specifies the notice shall "state that in case the third party fails to appear and assert a claim in the subject matter of the action, the claim or interest of the third party therein shall forever be barred."

The notice to Hughes, and the other companies, reads in part as follows:

Pursuant to 41 U.S.C. § 114(b), 58 Stat. 649, you are hereby notified to appear within forty (40) days after service of this Notice upon you and to assert any claim or interest you may have in the subject matter of the above-entitled suit, by filing a complaint or answer herein in accordance with Rule 14 of this Court. If you fail to appear and assert a claim or interest in the subject matter of the suit, your claim or interest therein will forever be barred. For your information, this Notice is accompanied by copies of the following pleadings that have been filed herein: plaintiff's complaint, defendant's motion to notice third parties.

The matter came before the court for oral argument on July 7, 1994, on nonparty Hughes' motion to quash the notice or in the alternative for an extension of time to appear and answer the complaint. At the close of argument, counsel were told that Hughes' motion would be denied, and the reasons for the decision were stated on the record.

Hughes acknowledges it has supplied products directly or indirectly to the Government

that were manufactured using MOCVD processes which Rockwell may argue are covered by the '098 patent. Hughes further contends there has been no determination that Hughes is under any obligation to indemnify the Government, even if the processes employed by Hughes to manufacture these products were determined to infringe. Hughes is unwilling voluntarily to become a defendant in this action.

Hughes contends that the RCFC 14 notice is an unlawful attempt to require a nonparty to intervene or to bind the nonparty by conclusions of law and fact made in a suit in which the nonparty has not been and cannot be joined. The crux of Hughes' argument is that the notice should be quashed "because it serves no purpose other than an unlawful attempt by the United States to bind Hughes to conclusions of law and fact reached as part of a judgment rendered in its absence." Hughes cited as authority *Martin v. Wilks*, 490 U.S. 755, 763, 109 S.Ct. 2180, 2185, 104 L.Ed.2d 835 (1989) (a nonparty cannot be bound by a judgment merely because he had notice of the lawsuit and declined to intervene); *Oak Forest, Inc. v. United States*, 26 Cl.Ct. 1397 (1992) (quashing RCFC 14(a)(1) notices as inconsistent with *Martin*); *RSH Constructors, Inc. v. United States*, 20 Cl.Ct. 1, 7 (1990) ("the court has no power to create binding factual or legal determinations concerning parties who are not subject to the jurisdiction of the court").

Rockwell and defendant contended the motion to quash the notice should be denied. Defendant argues that the notice authorized by RCFC 14(a)(1) to nonparties that have an apparent interest in this case serves important purposes that are separate and independent from the future preclusive effects identified in RCFC 14(c). The third party practice in its modern development, as reflected in the provisions of RCFC 14, serves a lawful purpose in affording potential patent indemnitors an opportunity to make a choice.

The third party practice has developed from the Contract Settlement Act of 1944, ch. 358, § 14, 58 Stat. 663. Currently, the relevant provisions are codified at 41 U.S.C. § 114(b) (1988 Supp. IV). Section 114(b) provides a procedure for both parties to have a notice given to nonparties:

> The United States Court of Federal Claims, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court, to assert and defend their interests, if any, in such suits or proceedings, within such period of time prior to judgment as the United States Court of Federal Claims shall prescribe....

Section 114(b) provides a procedure for the Attorney General to have a notice given to nonparties:

> The United States Court of Federal Claims may, upon motion of the Attorney General, in any suit or proceeding where there may be any number of persons having possible interests therein, notify such persons to appear to assert and defend such interests. Upon failure so to appear, any and all claims or interests in claims of any such person against the United States, in respect of the subject matter of such suit or proceeding, shall forever be barred and the court shall have jurisdiction to enter judgment pro confesso upon any claim or contingent claim asserted on behalf of the United States against any per person who, having been duly served with summons, fails to respond thereto, to the same extent and with like effect as if such person had appeared and had admitted the truth of all allegations made on behalf of the United States....

Section 114(b) limits the court's authority to act relative to appearances after notice:

> ... except that the United States shall not be heard upon any counterclaims, claims for damages or other demands whatsoever against such person, other than claims and contingent claims for the recovery of money hereafter paid by the United States in respect of the transaction of such case, unless and until such person shall assert therein a claim, or an interest in a claim, against the United States, and the United States Court of Federal Claims shall have jurisdiction to adjudicate, as between any

and all adverse claimants, their respective several interests in any matter in suit and to award several judgments in accordance therewith.

The authority conferred by section 114(b) and the third party practice rules derived therefrom have been illuminated in numerous cases in the former Court of Claims, the Claims Court, and the Court of Federal Claims. Noteworthy patent cases include: *Carrier Corp. v. United States*, 209 Ct.Cl. 267, 534 F.2d 250 (1976) and *Bowser, Inc. v. United States*, 190 Ct.Cl. 441, 420 F.2d 1057 (1970). Special attention has been given to historical development of the third party practice rules in *RSH Constructors, Inc.*, 20 Cl.Ct. 1, and *Oak Forest, Inc.*, 26 Cl.Ct. 1397. *See also Del–Rio Drilling Programs, Inc. v. United States*, 17 Cl.Ct. 844, 848–50 (1989). Third party practice at the present time embodies the following principles established by case precedent:

Jurisdiction over third parties is not limited to claims arising from war contracts. *See Maryland Casualty Co. v. United States*, 135 Ct.Cl. 428, 141 F.Supp. 900 (1956).

The rationale behind the issuance of a notice under the rule, now RCFC 14(a)(1), is the prevention of numerous proceedings and determinations on an identical set of facts. The rule also serves to conserve judicial time and effort. The only requirement for notice is that the nonparty to be noticed "appears" to have an interest in the subject matter of the proceedings. *Philadelphia Suburban Corp. v. United States*, 211 Ct.Cl. 354, 355 (1976).

A person against whom the United States alleges a non-frivolous claim for indemnity is a person who "appears" to have such an interest. *Carrier Corp.*, 534 F.2d at 251.

A determination that a party should receive a notice is not equivalent to a decision that this court has subject matter jurisdiction, may treat noticed party as a party in interest, or could render a judgment against that party. *Uram v. United States*, 216 Ct.Cl. 418, 420, 1978 WL 8423 (1978).

The rule provides an opportunity, without compulsion, for a person to appear and protect his interests. Should a noticed person decline to appear he cannot be forced to do so. This court cannot render a judgment against a noticed third party who does not appear. *Id.* at 420, 1978 WL 8423.

If the third party indemnitor fails to appear in response to the summons or notice, it may not, in later litigation for the enforcement of the indemnity against it, assert that this court incorrectly decided that plaintiff's patent is valid and was infringed by the apparatus furnished by the third party. Section 114(b) manifests a congressional intent that the issues of fact and law decided in a suit against the United States in the Court of Claims may not be retried in another court at the instance of a third party, who had a "possible" interest in the case in this court but who failed to appear and protect his interest after timely notice or summons had been served upon him. A holding to the contrary would ignore the principal reasons which led Congress to enact the law. *Bowser*, 420 F.2d at 1060–61.

Notice under the rule may be issued even though the court lacks jurisdiction over the third party. Third parties who fail to appear may nonetheless be bound in a later suit in another court by certain determinations made in this court without that third party's presence. *USA Petrochem Corp. v. United States*, 4 Cl.Ct. 345, 347 (1984).

*Martin v. Wilks* has no application to the special remedial procedures provided in section 114(b). Hughes misconstrues and misapplies *Martin v. Wilks*. That case involved alleged violations of Title 7 of the Civil Rights Act of 1964 and a consent decree that embodied affirmative action procedures. It did not involve monetary claims under 28 U.S.C. § 1498 nor did it deal with procedures applicable to determination of validity and infringements of a patent issued by the United States. *Martin v. Wilks* did not discuss 41 U.S.C. § 114(b) nor did it discuss the third party practice in this court. The Supreme Court recognized there were excep-

tions to its general rule that rights of strangers to a proceeding are not concluded. One circumstance is where a person, although not a party, has interests adequately represented by someone who has the same interests who is a party. *Martin v. Wilks,* 490 U.S. at 762 n. 2, 109 S.Ct. at 2184 n. 2.

In *Oak Forest,* the court noted that its ruling does not speak to the use of RCFC 14(a)(1) notice purely as a courtesy to nonparties who may wish to join the proceeding, or to the defensive use of judgments when there has been notice under Rule 14(a)(1). *Oak Forest,* 26 Cl.Ct. at 1405. The decision in *Oak Forest,* however, views *Martin v. Wilks* as in conflict with earlier decisions of the Court of Claims and this court, and questioned the continuing validity of the long line of cases that emanate from *Bowser.* The *Martin v. Wilks* rule was applied because Court of Claims decisions are "not binding to the extent that they clearly conflict with subsequent decisions of the Supreme Court." *Oak Forest,* 26 Cl.Ct. at 1404. It is respectfully disagreed that *Martin v. Wilks* has such effect.

■ To conclude: the notice issued under RCFC 14(a)(1) was appropriate. Hughes' ultimate obligation to indemnify the Government will not be determined in this proceeding nor will Hughes' rights be precluded by this proceeding. Hughes, and all the other companies given notice, have complete freedom not to appear.

■ Suits that involve patent validity and infringement are intricate and time consuming. Relitigation of validity issues in numerous cases involving the noticed nonparties would be a waste of resources. The doctrine of issue preclusion would have no significance. Where an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination should be conclusive in any subsequent action between the parties, whether on the same or different claim. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

For the foregoing reasons, Hughes' motion to quash was denied.