DECISION
PER CURIAM.
Brett W. Arnold, P.C. (“Arnold”) appeals the decision of the United States Court of Federal Claims that (i) granted summary judgment in favor of the United States; (ii) dismissed Arnold’s complaint; and (iii) entered judgment in favor of the United States on its counterclaim in the amount of $173,308. Arnold v. United States, No. 00-493C (Fed. Cl. June 27, 2003) (“Summary Judgment”). We affirm.
DISCUSSION
I.
Arnold entered into a contract with the Department of Housing and Urban Development (“HUD”) pursuant to which he agreed to provide real estate closing services in connection with the sale of HUD-owned residential properties located in the Dallas-Fort Worth area of Texas. The contract was for a one-year term with options to renew for up to a maximum period of five years.
On August 19, 1999, HUD terminated the contract for default on account of Arnold’s alleged failure, on numerous occasions, to wire closing proceeds to HUD within the time periods specified in the contract. See Federal Acquisition Regulation (“FAR”) 52.249-8 “Default (Fixed-Price Supply and Service),” 48 C.F.R. § 52.249-8 (1999). On August 18, 2000, Arnold filed suit in the Court of Federal Claims challenging the termination for default. Thereafter on October 24, 2001, the contracting officer issued a final decision asserting a claim against Arnold in the amount of $173,308. The claim was for what HUD asserted were unpaid closing proceeds that it was owed by Arnold. After HUD was unable to collect the alleged indebtedness from Arnold, it filed a counterclaim in the Court of Federal Claims for the amount involved. In due course, the United States moved for summary judgment dismissing Arnold’s complaint and for judgment on its counterclaim.
In granting summary judgment in favor of the United States on Arnold’s challenge to the default termination, the Court of Federal Claims rejected all of Arnold’s arguments to the effect that the termination was defective. Summary Judgment, slip op. at 3-5. The court also awarded the United States judgment on its counterclaim, “[g]iven the comprehensiveness of the records [HUD’s technical monitor] examined, the thoroughness of his approach, and the specificity of his results .... ” Id. at 6. The court determined that the United States had “made a compelling case for judgment on its counterclaim. Plaintiff has not overcome that case by making generalized allegations based on ‘information and belief that HUD’s records were inaccurate or incomplete.” Id. Arnold has timely appealed the court’s decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).
II.
Summary judgment in the Court of Federal Claims is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed. Cl. R. 56(c). We review a grant of summary *856 judgment by the Court of Federal Claims de novo to determine whether the summary judgment standard has been correctly applied. Castle v. United States, 301 F.3d 1328, 1337 (Fed.Cir.2002). We see no error in the decision of the Court of Federal Claims in this case. We first address Arnold’s challenge to the default termination.
III.
Arnold’s sole argument with respect to the default termination is that its contract with HUD was “divisible and severable.” Thus, Arnold argues that “the government should have severed the contract and terminated only that portion of appellant’s operation that was non-performing.” In making this argument, Arnold relies on Murphy v. United States, 164 Ct.Cl. 332 (1964).
The Court of Federal Claims squarely rejected this argument:
The problem with this argument ... is that the contract did not distribute its work among four autonomous office units. Rather, each of the offices was under plaintiffs management and control; hence, all offices were plaintiffs responsibility. Therefore, the failure of performance that characterized the activities of the Southeast Dallas office was, as a matter of fact, plaintiffs failure of performance. A default termination of the entire contract was therefore both justifiable and correct.
Summary Judgment, slip op. at 5. We see no error in the decision of the Court of Federal Claims on this point. Arnold was hired to be HUD’s closing agent for HUD properties in the Dallas-Fort Worth area. Under the contract, the timely wiring of sales proceeds was the essence of the contract. We agree with the Court of Federal Claims that the critical function of wiring proceeds was not severable on an office-by-office basis.
Arnold’s reliance on Murphy is misplaced. Murphy involved a lump-sum contract for the construction of a dam. 164 Ct.Cl. at 336-40, The government terminated the contract for default and required the contractor’s surety to complete the project after the contractor delayed in the completion of irrigation work, even though the government had no concerns about the timely completion of the dam itself. The Court of Claims held that, under these circumstances, the government should only have terminated the contract as to work relating to the release of irrigation waters. The court held that the portion of the contract covering the release of irrigation waters was “wholly separate from and incidental to” the construction of the dam. Id. at 339. Murphy is distinguishable from this case, where the timely transmittal of sales proceeds to HUD was critical and therefore neither “separate from” nor “incidental to” the objective of the contract, which was serving as HUD’s agent.
IV.
As far as the government’s counterclaim is concerned, Arnold makes two arguments. The first is that the Court of Federal Claims erred in denying its “Motion to Issue Notice to Third Parties, or in the alternative, Motion to Dismiss.” Arnold asserts that the court should have allowed it to implead into the case certain third parties allegedly liable to it for any amounts it was found to be obligated to the United States. The Court of Federal Claims did not err in dismissing Arnold’s motion. Under Fed. Cl. R. 14(a)(1), only the United States may move for a summons of a third party to “appear ... and defend,” and it must be a third party against whom the United States asserts a claim. See generally Rockwell Int’l Corp. v. United States, 31 Fed. Cl. 536 (1994).
Second, Arnold argues that the Court of Federal Claims erred in awarding *857 judgment to the United States on its counterclaim because the government failed to mitigate its damages. This contention is without merit. This is not a case in which the rule requiring mitigation of damages was applicable. This is not a case where there was a termination for default and the government reprocured the contract work but failed to properly minimize the cost of the reprocurement. See Cascade Pac. Int’l v. United States, 773 F.2d 287, 294 (Fed.Cir.1985) (explaining that one of the conditions for the government to recover excess procurement costs requires “that the Government act within a reasonable time of the default, use the most efficient method of reprocurement, obtain a reasonable price, and mitigate its losses”) (citing Astro-Space Labs., Inc. v. United States, 200 Ct.Cl. 282, 470 F.2d 1003, 1018 (1972)). Here, the government was simply seeking to recover from Arnold money to which it was entitled under the contract but which it had not been paid.
For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.